**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

**MINTVEST CAPITAL, LTD.,**

Plaintiff,

v.

**ENERGY & COMPUTE, LLC**

**(formerly COINMINT, LLC),**

Defendant.

Civ No.: 25-_____

**FRAUD,**

**BREACH OF FIDUCIARY DUTY,**
**BREACH OF CONTRACT,**

**UNJUST ENRICHMENT,**

**DEMAND FOR JURY TRIAL**

# COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Mintvest Capital, Ltd. ("Mintvest"), by and through its undersigned counsel, and very respectfully states and prays:

## I. PARTIES

1. Plaintiff Mintvest is a Delaware corporation with its principal place of business in Florida.
2. Defendant Energy & Compute, LLC, formerly known as Coinmint, LLC, is a Puerto Rico limited liability company with its principal place of business in Puerto Rico at 2210 Dorado Beach Rd., Dorado, PR 00646.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000,

exclusive of interest and costs. Specifically, Plaintiff estimates that the current amount of unpaid profits and related interest it is owed exceeds $104 million, with damages increasing by approximately $2.5 million per month.

4. Pursuant to the internal affairs doctrine, Puerto Rico courts, including this Court, have exclusive jurisdiction over the internal affairs of Energy & Compute, LLC, a Puerto Rico limited liability company, including matters relating to the rights and obligations of its members, distributions, and governance. 14 L.P.R.A §3961.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant is a Puerto Rico limited liability company, a substantial part of the events giving rise to the claims occurred in this district, and this is the only proper forum for adjudicating the internal affairs of a Puerto Rico LLC.

6. On information and belief, none of Energy & Compute's members reside in Delaware or Florida.

## III. FACTUAL ALLEGATIONS

### A. Mintvest's Ownership Interest in Energy & Compute

7. Mintvest owns an 18.2% equity interest in Energy & Compute, LLC (formerly Coinmint, LLC), as determined by the Delaware Court of Chancery in *In re Coinmint, LLC*, 261 A.3d 867 (Del. Ch. 2021).

8. The Delaware Chancery Court's determination of Mintvest's 18.2% ownership interest is res judicata and binding on all parties.

9. Pursuant to the internal affairs doctrine, which has constitutional dimensions, the Delaware Court had exclusive jurisdiction to determine the ownership interests in Coinmint while it was a Delaware entity.

10. The Delaware Chancery Court found that "Leary and Soniat agreed to peg Mintvest's equity stake at 18.2%" and that this arrangement was "memorialized in a Statement of Changes in Partners' Equity backdated to August 31, 2017 (the 'October 2017 Agreement')." *In re Coinmint*, 261 A.3d at 881.

11. Coinmint, LLC converted from a Delaware limited liability company to a Puerto Rico limited liability company on January 25, 2018.

12. Upon conversion to a Puerto Rico LLC, the internal affairs of Coinmint (now Energy & Compute) became exclusively governed by Puerto Rico law, and Puerto Rico courts obtained exclusive jurisdiction over matters relating to the company's internal affairs, including the rights of members, distributions, and governance. See 14 L.P.R.A. §§ 3951-3961. The Delaware Chancery Court so held in *In re Coinmint, LLC*, 261 A.3d at 905 (recognizing that upon conversion, "the limited liability company shall cease to exist as a limited liability company of the State of Delaware" and that the new state's law governs).

13. Just as the Delaware Chancery Court had exclusive jurisdiction over Coinmint's internal affairs when it was a Delaware entity, Puerto Rico courts, including this Court, now have exclusive jurisdiction over Energy & Compute's internal affairs as a Puerto Rico entity.

14. Following a merger transaction completed on or about June 30, 2024, Coinmint, LLC changed its name to Energy & Compute, LLC, with Energy & Compute being the surviving entity and continuing as a Puerto Rico limited liability company.

**B. Energy & Compute's Highly Profitable Operations**

16. Prieur Leary, through Mintvest, founded Coinmint in December 2015, seven months before Ashton Soniat joined the venture.

17. As a technology and data center entrepreneur since 1997 with experience developing and operating data centers on three continents, Mr. Leary conceived the Coinmint business concept, developed all business and technology plans, and personally executed and implemented 100% of the business, technology, and operational efforts that built Coinmint into a successful cryptocurrency mining enterprise.

18. While Mr. Soniat's contribution was limited to financing and financial strategy, Mr. Leary contributed all other aspects of the business, including the operational expertise, industry

relationships, and hands-on management that the Delaware Chancery Court recognized as valuable "sweat equity."

19. Upon information and belief, Energy & Compute continues to operate a highly profitable cryptocurrency mining business with facilities in multiple locations, generating substantial monthly profits.

20. In May 2021, Energy & Compute ceased providing Mintvest with any information regarding Energy & Compute's financial situation.

21. Prior to that Mintvest received monthly reports as to Energy & Compute's financial situation.

22. In addition to its statutory obligation to provide such information, the company's operating agreement specifically provides that owners are entitled to receive the company's financial statements and interim financial statements.

23. Upon information and belief, Energy & Compute has generated profits exceeding $570 million from August 2022 through the present, of which Mintvest's 18.2% share exceeds $104 million.

24. Upon information and belief, Energy & Compute continues to generate profits of approximately $13.7 million per month, of which Mintvest's 18.2% share is approximately $2.5 million per month.

25. These profits continue to accumulate monthly, increasing Mintvest's damages with each passing month.

### C. Fraudulent Scheme to Deprive Mintvest of Its Ownership Rights

20. Upon information and belief, Energy & Compute, acting through its officers, directors, controlling members, and agents (past and present), has engaged in a fraudulent scheme to deprive Mintvest of the value of its 18.2% ownership interest.

21. On June 30, 2024 Energy & Compute merged its operations with those of NYDIG, in a transaction that included a $200 million payment divided among all equity owners except Mintvest's 18.2% ownership interest.

22. The merger was part of a broader fraudulent scheme conducted by Energy & Compute.

23. Upon information and belief that scheme includes, but is not limited to: a. Concealing the true profitability of the company from Mintvest; b. Making false representations to third parties regarding Mintvest's ownership status; c. Diverting company profits and opportunities to insiders while excluding Mintvest; d. Creating false records or destroying records relating to company profits and distributions; e. Entering into self-dealing transactions to siphon value from the company; e. Deliberately structuring transactions to avoid obligations to Mintvest; and f. Using deception to obtain confidential information from Mintvest while planning to exclude it from ownership benefits and executing that plan.

24. The badges of fraud are evident from Defendant's conduct, including: a.Complete cessation of all distributions to Mintvest while the company remains highly profitable and other owners received distributions; b. Total blackout of financial information to Mintvest in violation of the corporate law of Puerto Rico and the operating agreement; c. Failure to provide legally required tax documents; d. The timing of the exclusion coinciding with the company's increased profitability and the NYDIG merger/acquisition; and e. The systematic nature of the exclusion across all aspects of ownership rights.

25. Upon information and belief, this fraudulent scheme was conceived and implemented by Defendant's officers, directors, and agents, who conspired together and with Coinmint as an entity to unlawfully deprive Mintvest of over $104 million in rightful distributions to date.

26. Defendant's fraudulent conduct is ongoing, with damages increasing by approximately $2.5 million each month as the scheme continues.

27. Defendant's fraudulent scheme includes attempting to circumvent Puerto Rico's exclusive jurisdiction over Energy & Compute's internal affairs by excluding Mintvest from its rightful distributions and governance rights as a member of a Puerto Rico LLC.

## D. Willful Exclusion of Mintvest from Profits and Information

32. As an 18.2% equity owner of Energy & Compute, Mintvest is entitled to receive 18.2% of all profits and distributions made by the company.

33. Despite Mintvest's ownership interest and repeated demands, Energy & Compute has willfully failed and refused to distribute any profits to Mintvest from August 2022 through the present.

34. Energy & Compute has deliberately and in bad faith excluded Mintvest from receiving its rightful share of company profits while continuing to operate the business and generate substantial revenues.

35. Upon information and belief, Energy & Compute has distributed profits to other members while deliberately excluding Mintvest from such distributions, constituting discriminatory and oppressive conduct toward a minority member..

36. Energy & Compute's actions constitute a willful and malicious freeze-out of Mintvest as a minority member, designed to deprive Mintvest of the value of its ownership interest.

## E. Failure to Provide Financial Information and Tax Documents

37. As a member of Energy & Compute, Mintvest has a right to receive regular financial reports and information regarding the company's operations both under Puerto Rico corporate law and the operating agreement..

38. Moreover, Energy & Compute is required by federal tax law to provide Schedule K-1 forms to all members annually, reporting each member's share of the company's income, deductions, and credits.

39. Energy & Compute has failed and refused to provide Mintvest with: a. Any financial statements or reports; b. Any information regarding company revenues, expenses, or profits; c. Required annual Schedule K-1 tax forms; and d. Any other information to which Mintvest is entitled as a member.

40. Energy & Compute ceased to provide K-1 tax forms starting for the 2019 tax year and continuing until the present.

41. After the Delaware Chancery Court announced its decision to dilute Mintvest to an 18.2% equityholder in May 2021, Energy and Compute ceased provided the monthly financial information it had been providing up until that time.

42. The failure to provide required tax documents has prejudiced Mintvest's ability to file its tax returns properly and may subject Mintvest to penalties and interest from tax authorities.

43. Energy & Compute's withholding of financial information and tax documents is part of its deliberate scheme to freeze out Mintvest and deprive it of its rights as a member.

## IV. CAUSES OF ACATION

### A. Conversion

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. Energy & Compute sold Mintvest's ownership interest in Energy & Compute, thereby illegally appropriating Mintvest's 18.2% ownership interest in the company for Defendant's sole benefit and intentionally committing conversion.

44. Energy & Compute had and has an obligation to share profits with Mintvest, just as the other owners received such distributions.

45. Defendant made material misrepresentations and omissions to Mintvest, including but not limited to: a. Concealing the company's true financial performance; b. Concealing distributions made to other members; c. Misrepresenting the reasons for withholding distributions from Mintvest; d. Failing to disclose self-dealing transactions and conflicts of interest; and e. Failing to disclose the planned acquisition and Defendant's intention to exclude Mintvest from receiving any compensation for its ownership interest.

46. Here, Defendant had a duty to disclose material information to its 18.2% member and instead engaged in active concealment.

47. Energy & Compute's actions harmed Mintvest.

48. Defendant made these misrepresentations and omissions knowing they were false or with reckless disregard for their truth, with the intent to deceive Mintvest and deprive it of over $104 million in distributions.

49. Mintvest justifiably relied on its status as an 18.2% owner and on Defendant's legal obligations to treat all members fairly and to make pro rata distributions.

50. The specific mechanisms of Defendant's fraud are peculiarly within Defendant's knowledge and control, as Defendant has maintained exclusive control over all company records and has refused to provide any information to Mintvest.

51. Discovery is necessary to uncover the full extent of the fraudulent scheme.

52. As a direct and proximate result of Defendant's fraud, Mintvest has suffered damages exceeding $104 million, which continue to increase by approximately $2.5 million per month.

53. Defendant's fraudulent conduct was willful, wanton, and malicious, justifying an award of punitive damages sufficient to punish and deter such conduct.

**B. Breach of Fiduciary Duty**

52. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

53. As managers and controlling members of Energy & Compute, a Puerto Rico limited liability company, Defendant and its management owe fiduciary duties to all members, including Mintvest, under Puerto Rico law and the common law applicable in Puerto Rico.

54. Closely-held entities like Energy & Compute have a heightened fiduciary duty.

55. Puerto Rico courts have exclusive jurisdiction to determine the scope and enforcement of fiduciary duties owed among members of a Puerto Rico LLC, as these are quintessential internal affairs matters.

56. These fiduciary duties include the duty of loyalty, the duty of care, the duty of good faith, the duty of candor, and the duty to treat all members fairly and not to engage in self-dealing or oppressive conduct.

57. Majority shareholders owe a fiduciary duty to minority shareholders, and that this duty is breached by freeze-out tactics.

58. By engaging in the fraudulent scheme described herein, refusing to distribute profits to Mintvest while distributing to other members, and withholding required financial information and tax documents, Defendant has willfully and maliciously breached its fiduciary duties.

59. Defendant's breach of fiduciary duties includes violations of the duty of candor by concealing material information and the duty of loyalty by engaging in self-dealing and preferential treatment of insiders.

60. Defendant's conduct constitutes oppressive behavior and a freeze-out of a minority member in violation of its fiduciary obligations. Such conduct is particularly egregious where, as here, it is designed to deprive a minority member of millions of dollars in rightful distributions.

61. As a direct and proximate result of Defendant's breach of fiduciary duties, Mintvest has suffered damages exceeding $104 million, which continue to increase by approximately $2.5 million per month.

62. Defendant's conduct was willful, wanton, malicious, fraudulent, and in reckless disregard of Mintvest's rights, justifying an award of punitive damages.

**C. Breach of Contract/Operating Agreement**

64. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

65. The relationship between Energy & Compute and its members is governed by operating agreements and the implied covenant of good faith and fair dealing under Puerto Rico law, as Puerto Rico has exclusive jurisdiction over the internal affairs of Puerto Rico LLCs.

66. Under the Puerto Rico Civil Code, good faith is presumed, and every contract contains an implied covenant of good faith and fair dealing.

67. As an 18.2% member, Mintvest has contractual rights under Puerto Rico law to: a. Receive its proportionate share of company profits and distributions; b. Receive financial information and reports; c. Receive annual K-1 tax forms; d. Be treated fairly and in good faith; e. Not be subjected to fraudulent or oppressive conduct.

68. Energy & Compute has materially breached its contractual obligations by failing to distribute Mintvest's share of profits from August 2022 through the present and by failing to provide required financial information and tax documents.

69. Energy & Compute's breaches are willful and in bad faith, designed to harm Mintvest and deprive it of its membership rights.

70. As a direct and proximate result of Defendant's breach, Mintvest has suffered damages exceeding $104 million, increasing by approximately $2.5 million monthly in addition to the harm caused because Energy & Compute's freeze out has precluded Mintvest from filing proper tax returns.

**D. Unjust Enrichment**

71. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

72. In the alternative, Energy & Compute has been unjustly enriched by retaining profits that rightfully belong to Mintvest.

73. Mintvest has conferred a benefit upon Energy & Compute through its 18.2% ownership interest and the value it has contributed to the company, including the "sweat equity" recognized by the Delaware Chancery Court.

74. Energy & Compute knowingly retained profits exceeding $104 million that should have been distributed to Mintvest with its 18.2% share, and it would be unjust and inequitable for Energy & Compute to retain these benefits without compensating Mintvest.

75. Under Puerto Rico law, if one party is enriched while impoverishing the second party, the first party must compensate the second.

76. Energy & Compute's retention of these benefits is particularly inequitable given the fraudulent scheme by which it has excluded Mintvest.

77. As a direct and proximate result, Mintvest has suffered damages equal to 18.2% of all undistributed profits from August 2022 through the present, currently exceeding $104 million.

**E. Accounting**

78. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

79. As an 18.2% member of Energy & Compute, a Puerto Rico limited liability company, Mintvest has a right under Puerto Rico law to a full and complete accounting of the company's financial affairs. See 14 L.P.R.A. § 3970.(members' rights to information).

80. Puerto Rico Courts, including this federal court, applying Puerto Rico law, based on diversity, has jurisdiction over LLC matters. 14 L.P.R.A. § 3961

81. Puerto Rico's limited liability company statute vests jurisdiction in Puerto Rico courts to adjudicate disputes concerning the internal affairs of Puerto Rico LLCs, including the rights of members to receive information and accountings.

82. The right to an accounting is particularly important where, as here, a minority member has been frozen out and denied access to financial information.

83. An accounting is essential to uncover the full extent of Defendant's fraudulent scheme and self-dealing transactions.

84. Mintvest requires an accounting to determine: a. The exact amount of profits generated by Energy & Compute from August 2022 through the present; b. All distributions made to other members; c. All revenues and expenses; d. Any self-dealing transactions or diversions of corporate opportunities; e. The current financial position of the company; and f. The full extent of the fraudulent scheme alleged herein.

85. Without a proper accounting, Mintvest cannot determine the full extent of profits owed to it or whether Energy & Compute has engaged in self-dealing, fraud, or waste.

86. Mintvest is entitled to an accounting of all revenues, expenses, profits, distributions, and related-party transactions from August 2022 through the present, continuing through trial.

**F. Breach of Tax Reporting Obligations**

87. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

88. Under 26 U.S.C. § 6031(b) and related regulations, Energy & Compute is required to provide Schedule K-1 forms to all members annually by March 15 of each year.

89. Since 2019, Energy & Compute has willfully failed to provide Mintvest with required K-1 forms.

90. Upon information and belief, this failure is part of Defendant's fraudulent scheme to conceal the company's true profitability and Mintvest's share thereof.

91. This failure violates federal tax law and has damaged Mintvest by: a. Preventing proper tax compliance; b. Potentially subjecting Mintvest to penalties and interest; c. Requiring Mintvest to incur additional professional fees; d. Depriving Mintvest of information regarding its share of company income; and e. Facilitating Defendant's fraudulent concealment of profits.

92. Energy & Compute's failure to provide K-1s is willful and part of its scheme to freeze out and defraud Mintvest.

93. Mintvest has been damaged by this breach and is entitled to all damages flowing therefrom, including professional fees and any tax penalties.

**G. Civil Conspiracy**

94. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

95. Upon information and belief, Defendant's officers, directors, and controlling members conspired together and with Energy & Compute itself to defraud Mintvest and deprive it of its ownership rights.

96. The unlawful objective Defendant and its co-conspirators sought to accomplish was to keep Mintvest's profits for themselves, *i.e.,* conversion.

97. The co-conspirators indeed illegally appropriated Mintvest's profits and thereby harmed Mintvest.

98. The conspirators agreed to engage in the fraudulent scheme described herein, including: a. Excluding Mintvest from all distributions; b. Concealing financial information; c. Failing to provide tax documents; d. Engaging in self-dealing transactions; e. Making misrepresentations to third parties about Mintvest's status.

99. Each conspirator committed overt acts in furtherance of the conspiracy, including: a.. Using the fraudulently obtained information to structure the acquisition to exclude Mintvest; b. Implementing the exclusion of Mintvest from all distributions; c. Maintaining the information blackout; and d. Refusing to provide legally required tax documents.

100. The conspiracy was formed with the intent to defraud Mintvest and unlawfully deprive it of over $104 million in distributions.

101. As a direct and proximate result of the conspiracy, Mintvest has suffered damages exceeding $104 million, which continue to increase monthly.

102. The conspirators' conduct was willful, malicious, and fraudulent, justifying punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mintvest Capital, Ltd. respectfully requests that this Court:

1. Enter judgment in favor of Mintvest and against Energy & Compute on all counts;
2. Order an immediate and complete accounting of all profits, revenues, expenses, distributions, and related-party transactions of Energy & Compute from August 2022 through the present;
3. Award Mintvest compensatory damages of at least $104 million, representing 18.2% of all profits generated by Energy & Compute from August 2022 through the present, plus approximately $2.5 million for each additional month through trial and judgment;
4. Award punitive damages in an amount sufficient to punish Defendant's willful, malicious, fraudulent, and oppressive conduct and to deter such conduct in the future in an amount that equals the actual damages as provided by Article 1538 of the Puerto Rico Civil Code of 2020;
5. Order Energy & Compute to provide all past-due K-1 tax forms and financial statements immediately;
6. Order Energy & Compute to distribute to Mintvest its 18.2% share of all future profits on a monthly basis;
7. Enjoin Energy & Compute from making any distributions to other members without making proportionate distributions to Mintvest;

8. Appoint a receiver or special master to oversee distributions and ensure fair treatment of Mintvest;
9. Order equitable remedies including, if necessary, a forced buyout of Mintvest's interest at fair value;
10. Award Mintvest all damages resulting from Defendant's failure to provide tax documents, including professional fees and any tax penalties;
11. Award Mintvest pre-judgment and post-judgment interest at the maximum legal rate;
12. Award Mintvest its costs and reasonable attorneys' fees to the extent allowed by law because of Energy & Compute's temerity;
13. Grant leave to amend to add individual defendants, including officers, directors, and agents, upon discovery of their full involvement in the fraudulent scheme;
14. Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 27th day of June, 2025 in San Juan, Puerto Rico.

S/Jane Becker Whitaker/ JANE BECKER WHITAKER
USDC No. 205110
PO Box 9023914
San Juan, PR 00902-3914
Tel. (787) 585-3824 / E-mail: janebeckerwhitaker@gmail.com

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I have filed and uploaded this document to the CM/ECF system for notice to all parties.

S/Jane Becker Whitaker/ JANE BECKER WHITAKER
USDC No. 205110
PO Box 9023914
San Juan, PR 00902-3914
Tel. (787) 585-3824 / E-mail: janebeckerwhitaker@gmail.com