cUNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

**MINTVEST CAPITAL, LTD.,**
Plaintiff, on its behalf and
Derivatively for Energy & Compute, LLC,

Civ Num:25-1346 (PAD)

v.

**ENERGY & COMPUTE, LLC**
(formerly COINMINT, LLC),
**ASHTON SONIAT**, individually and as
Managing Member of Energy & Compute, LLC,
**STONE RIDGE HOLDINGS GROUP, LP,**
**NYDIG TRUST COMPANY,**
**NYDIG MINING LLC,**
**NEW YORK DIGITAL INVESTMENT GROUP, LLC,**
**NEW YORK LIFE INSURANCE AND**
**ANNUITY CORPORATION,**
**MOSES MERGER SUB, LLC,**
**JOHN DOES 1-10**, officers and managers
of Energy & Compute, LLC,

Defendants.

---

**NOTICE OF INTENT TO OPPOSE TO OPPOSE MOTION TO HOLD MOTION FOR PARTIAL SUMMARY JUDGMENT IN ABEYANCE**

**TO THE HONORABLE COURT:**

  **COMES NOW** Plaintiff Mintvest Capital, Ltd. ("Mintvest"), by and through undersigned counsel, and very respectfully states and prays:

1. If the conflict between the Delaware judgment and the Texas judgment did not exist, Mintvest would be seeking a writ of execution of the Delaware judgment in this case, not a declaratory judgment. Exequatur in New York was also an option if Mintvest sought to obfuscate about the Texas judgment. The same was true for the original case. That would have been preferable to Mintvest because it would have brought

closure to at least a portion of the controversies. But Mintvest knew that the invalid Texas judgment existed and had to be addressed.

2. Defendants must want this Court to postpone resolution of the Motion for Partial Summary Judgment because they fear this Court will grant it.

3. While Plaintiff understands why Defendants seek delaying the resolution of the Motion for Summary Judgment, they articulate no valid reason. This Court is not going to grant the motion *accidentally*.

4. Defendants state incorrectly that the Amended Complaint makes no claim for the 18.2% that the Delaware Court determined belongs to Mintvest.

5. Count One requires a determination that Mintvest owns 18.2% of Energy & Compute, LLC.

6. Count Three requires a determination that Mintvest owns 18.2% of Energy & Compute, LLC.

7. Count Four requires a determination that Mintvest owns 18.2% of Energy & Compute, LLC.

8. Count Five requires a determination that Mintvest owns 18.2% of Energy & Compute, LLC.

9. Count Six requires a determination that Mintvest owns 18.2% of Energy & Compute, LLC.

10. Count Seven requires a determination that Mintvest owns 18.2% of Energy & Compute, LLC.

11. Count Nine requires a determination that Mintvest owns 18.2% of Energy & Compute, LLC.

12. So, yes, the Motion for Partial Summary Judgment is related to the claims of the Amended Complaint. As for the claim that the motion should be held in abeyance because the case is just starting, Rule 56(d) sets standards for such a petition. The non-movant must identify the information that will rebut the motion; explain why the information is not currently available and how it will be obtained in a reasonable amount of time; and must provide an affidavit or its equivalent to that effect. *Velez v. Awning Windows, Inc.,* 375 F.3d 35, 40 (1st Cir. 2004). Defendants have done none of the above.

13. Finally, Plaintiff feels obligated to correct the record about the original litigation quickly because the longer such corrections remain unspoken, the deeper the errors Defendants espouse insinuate themselves.

14. When Mintvest filed its original suit against the NYDIG parties, it understood there was diversity jurisdiction between Plaintiff and those Defendants. The NYDIG parties did not originally raise the issue. After they raised the lack of diversity jurisdiction, Mintvest moved to amend its Complaint to include a federal securities law claim. The NYDIG parties opposed the amendment, reiterating their request for the dismissal of all claims with prejudice. The undersigned filed a draft reply that contained AI hallucinations.[1] The NYDIG parties moved to strike and for sanctions in a motion that included what appeared to be one AI hallucination.

15. The Hon. Magistrate Judge Marcos A. Lopez recommended that the case be dismissed *without* prejudice and that the undersigned be sanctioned. Mintvest has filed objections, which remain pending. Because of Mintvest's abiding desire to

---

[1] The undersigned apologized for the motion and filed a corrected one. She had been traversing the extended hospitalization and death of a close family member and relied on what she erroneously believed was good case law.

resolve the controversies outstanding among the parties, it filed the instant case, identifying the case before the Honorable Francisco Besosa as pending. The Court's jurisdiction over this case is based on federal law, and the Court's exclusive jurisdiction to resolve controversies as to the internal affairs of an entity registered in Puerto Rico.

16. Mintvest notes that Defendants already missed the deadline for responding to the Amended Complaint without this Court's authorization.

17. Mintvest intends to file a fully briefed opposition to the request to hold the Motion for Partial Summary Judgment in abeyance by October 24, 2025, as the local rule provides.

18. Wince Defendants have in the past simply ignored the rules of this Court without this Court's imprimatur, Plaintiff takes this opportunity to provide the Court with a preliminary response, so that Defendants do not again simply ignore a deadline, .

**WHEREFORE**, Plaintiff Mintvest Capital, Ltd. very respectfully requests that this Honorable Court take note that Mintvest Capital Ltd. intends to file a fully briefed opposition to Defendants' Motion to hold the Motion for Partial Summary in Abeyance by the ordinary deadline, that is October 24, 2025 and that, in the meantime, the current deadline should apply.

**RESPECTFULLY SUBMITTED** this October 14, 2025, in San Juan, Puerto Rico.

/s/Jane Becker Whitaker
JANE BECKER WHITAKER
USDC No. 205110
PO Box 9023914
San Juan, PR 00902-3914
Tel. (787) 945-2406
janebeckerwhitaker@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have filed this motion with the Court's ECF system on this same date, which system will notify all counsel of record.

/s/Jane Becker Whitaker
JANE BECKER WHITAKER