UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MINTVEST CAPITAL, LTD.,
    Plaintiff,

v.                                                        Civ.Num. 3:25-cv-01346 (PAD)

ENERGY & COMPUTE, LLC, et al.,
    Defendants.

**NOTICE OF VOID NOTICE OF DISMISSAL**

**TO THE HONORABLE COURT:**

        **COMES NOW,** Mintvest Capital, Ltd. (Mintvest), through the undersigned counsel and very respectfully states and prays:

**I.      INTRODUCTION**

        On November 25, 2025, Defendants and DB Mtg, LLC, an entity purporting to be the transferee of Mintvest's claims, filed a stipulation of dismissal in this action and in 25-1019 (FAB) without any legal authority to do so. At no point has this entity filed a motion for substitution pursuant to Federal Rule of Civil Procedure 25(c). This entity has never obtained any court order permitting it to participate in this litigation. DB Mtg, LLC has not been joined or substituted by any means authorized by the Federal Rules. The Notice of Dismissal is part of a pattern of forum shopping and fraud upon the court that Defendants have perpetrated across multiple jurisdictions.

**II.     LEGAL ANALYSIS**

**A.     Non-Parties Cannot File Stipulations of Dismissal**

        Federal Rule of Civil Procedure 41(a)(1)(A)(ii) permits voluntary dismissal only by "a stipulation of dismissal signed by ***all parties*** who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added). The Eleventh Circuit recently confirmed the unambiguous meaning of this requirement, holding "all means all." *City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023). In *Jacksonville Hospitality*,

the court held that stipulations of dismissal that fail to comply with Rule 41's signature requirements are "ineffective, and the claims they purported to dismiss remain pending before the district court." *Id.* at 1034.

*Anderson-Tully Co. v. Federal Insurance Co.*, 347 F. App'x 171 (6th Cir. 2009), holds that "a Rule 41(a)(1)(A)(ii) stipulation also requires the signature of a party that appeared but has already been removed from an action." In the absence of other authority, the Court of Appeals reasoned, "we find the plain meaning of 'all parties who have appeared' to include all entities who have appeared in the action as parties. We note that this liberal construction of the Rule inflicts no significant prejudice on a plaintiff seeking to voluntarily dismiss an action. If, for whatever reason, the plaintiff cannot obtain the signatures of all those who have appeared in the action as parties, that plaintiff needs only to move for and obtain a court order formally dismissing the case, as is provided for in Rule 41(a)(2)." *Id.*

The *Anderson-Tully* decision applies traditional statutory interpretation rules, that is "the plain words themselves. *Marek v. Chesny*, 473 U.S. 1, 16 (1985)—here: 'all parties who have appeared.'" The *Anderson-Tully* Court explained, that "[i]n Rule 19(b), for example, the drafters used the phrase 'existing parties' to describe those parties currently in the action, and in Rule 25(a)(2), the drafters used the phrase 'remaining parties.' If 'parties' were a term of art that *always* meant 'parties currently in the action,' these qualifiers—'existing' and 'remaining'—would not be necessary." Here, the situation is even more extreme because DB Mtg, LLC never sought to substitute Mintvest, so Mintvest was still a party in the action, and, therefore, Mintvest's signature was still needed.

The *City of Jacksonville* Court at 1038 reached the same conclusion: "Looking to the text of Rule 41(a)(1)(A)(ii), there is simply no language that qualifies the clause 'all parties who appeared.'" The Court continued, "The lack of any words restricting the subsection's scope suggests that a broad reading—one covering all parties in a lawsuit—is warranted." In

2

the same vein as the *Anderson-Tully* Court, the *Jacksonville* Court reasoned, "This interpretation is supported by the fact that the drafters qualify the term 'party' or 'parties' elsewhere in the Federal Rules. *See, e.g.,* Fed. R. Civ. P. 19(a)(1)(A) ('existing parties'); Fed. R. Civ. P. 24(a)(2) ('existing parties'); Fed. R. Civ. P. 24(b)(3) ('original parties[]'); Fed. R. Civ. P. at 25(a)(2) ('remaining parties'); Fed. R. Civ. P. 26(c)(1) ('affected parties'). In fact, even in Rule 41(a)(1)(A)(i), the drafters permit a plaintiff to 'dismiss an action without a court order by filing ... a notice of dismissal before the *opposing party* serves either an answer or a motion for summary judgment.' (emphasis added). In Rule 41(a)(1)(A)(ii), the drafters swap the words 'opposing party' for 'all parties,' expanding its scope."

To repeat, "And all means all. We agree with the Sixth Circuit's holding in *Anderson-Tully* that a Rule 41(a)(1)(A)(ii) stipulation also requires the signature of a party that appeared but has already been removed from an action."

Here, Defendants and the purported new Plaintiff "noticed" the dismissal because they did not want to move to dismiss the case because that would have afforded Mintvest the opportunity to explain why the dismissal violated the Federal Rules of Civil Procedure, as it has done herein. Plaintiff will file a Motion to Vacate Judgment that sets forth the four reasons the Florida judgment is void, but put tersely, those are: the Texas judgment failed to afford full faith and credit to the prior Delaware judgment; where Coinmint failed to raise a compulsory counterclaim; it violated the internal affairs doctrine; and it violated due process because Coinmint failed to serve Mintvest.

Applying the *Anderson-Tully* reasoning, if even a *former* party's signature is required, *a fortiori* the Plaintiff's signature must be on the stipulation of dismissal. Because DB Mtg, LLC neither sought nor obtained the Court's permission to substitute Mintvest, Mintvest remains in the case. Similarly, a party that had never appeared—either through intervening or substituting—cannot sign a Notice of Appearance. Here, the entity filing the purported

3

stipulations has never "appeared" as a party. It is not named in the caption. It has not been substituted pursuant to Rule 25(c). It has obtained no court order permitting its participation. Under the plain language of Rule 41(a)(1)(A)(ii), it cannot file a stipulation of dismissal.

B.      **Rule 25(c) Requires a Motion and Court Order Before Participation**

"Rule 25(c) governs substitution where a party to a lawsuit transfers an interest during the pendency of the lawsuit or after judgment has been rendered." *Negron Almeda v. Santiago*, 579 F.3d 45, 52 (1st Cir. 2009) *citing Explosives Corp. of Am. v. Garlam Enters. Corp.*, 817 F.2d 894, 905 (1st Cir. 1987). The rule provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, *on motion*, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c) (emphasis added). The rule is mandatory: a transferee must file a motion and obtain a court order before it can act in the litigation. "The transferee cannot participate in the action until and unless the court orders substitution or joinder." 7C Wright & Miller, *Federal Practice and Procedure* § 1958 (3d ed.). The purported transferee here has done neither.

The Advisory Committee Notes to Rule 25 confirm this sequence: "Where the successor does not intend to pursue the policy of his predecessor which gave rise to the lawsuit, it will be open to him, *after substitution*, as plaintiff to seek voluntary dismissal of the action." Fed. R. Civ. P. 25 advisory committee's note to 1961 amendment (emphasis added). A transferee may seek dismissal only *after* being properly substituted—not before.

C.      **Filings by Non-Parties Are Complete Nullities**

The First Circuit has long held that "[a] void judgment is one which, from its inception, was a complete nullity and without legal effect." *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 and footnote 12, which refers to 7 Moore's Federal Practice ¶60.25 (1st Cir. 1972); *see also Peralta v. Heights Medical Center*, 485 U.S. 80, 84

4

(1988) ("a judgment entered without notice or service is constitutionally infirm."). This principle applies equally to filings by entities without standing to appear before the court.

The foregoing authorities compel the conclusion that a document filed by a non-party purporting to dismiss claims belonging to an actual party is ineffective. "[A] void judgment is no judgment at all and is without legal effect." *Jordon v. Gilligan*, 500 F.2d 701, 710 (6th Cir. 1974). Similarly, stipulations that fail to comply with Rule 41's requirements "are ineffective, and the claims they purported to dismiss remain pending before the district court." *City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*, 82 F.4th 1031, 1034 (11th Cir. 2023). Because a non-party cannot satisfy Rule 41(a)(1)(A)(ii)'s requirement that "all parties who have appeared" sign the stipulation, any purported stipulation signed by a non-party is necessarily defective and ineffective under *City of Jacksonville*.

The decision to bypass Rule 25(c) and simply file unauthorized stipulations reflects a calculated attempt to avoid the scrutiny that formal substitution would invite. This is consciousness of guilt.

**CONCLUSION**

The purported stipulations of dismissal filed by a non-party are legal nullities and have no effect on this litigation because they are built on a termite infested two-legged stool. The Texas Court had no jurisdiction because of the Full Faith and Credit it should have afforded to the Delaware judgment; the internal affairs clause; the lack of due process due to the failure to serve Mintvest; and the failure to raise a compulsory counterclaim.

Taking a judgment obtained without jurisdiction to another state without jurisdiction compounds the problem, it cannot whitewash it. Why not bring the judgment to Puerto Rico or Delaware, where the relevant LLCs are registered? Because the sham sale could not have occurred there.

**WHEREFORE,** Mintvest Capital, Ltd very respectfully asks this Honorable Court to take note that the Notice of Dismiss filed in this case is a nullity.

In San Juan, Puerto Rico this 9th day of December 2025.

**I HEREBY CERTIFY** that I have filed this Notice with the Court's ecf system, which system will notify all counsel of record.

Respectfully submitted,

/s/Jane Becker Whitaker
USDC Num. 205110
PO Box 9023914
San Juan, PR 00902
janebeckerwhitaker@gmail.com
jbw@beckervissepo.com
787.585.3824