**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

MINTVEST CAPITAL, LTD.,                    **Civ.Num. 3:25-cv-01346 (PAD)**


      Plaintiff,

v.

ENERGY & COMPUTE, LLC, et al.,
      Defendants.

**MOTION TO VACATE JUDGMENT**

**TO THE HONORABLE COURT:**

      **COMES NOW,** Mintvest Capital, Ltd. (Mintvest), through the undersigned counsel and very respectfully states and prays:

**I.    INTRODUCTION**

      On October 2, 2025, Mintvest filed a Motion for Partial Summary Judgment, asking this Court to give Full Faith and Credit to the judgment of the Delaware Chancery Court holding that as to Coinmint's[1] internal affairs, only the jurisdiction where the entity was registered had jurisdiction as to such disputes. Docket 16. The Chancery Court reviewed the parties' respective positions and determined that Mintvest owned 18.2% of Coinmint. Docket 16 at 2; Exhibit 1, *In re Coinmint,* 261 A.3d 867, 880 (2021). Defendants filed a Motion to Hold the Motion for Partial Summary Judgment in Abeyance, stating that they intended to file a Motion to Dismiss raising jurisdictional matters, standing issues, and other pleading deficiencies. Docket 21 at 4.

      On October 29, 2025, Defendants filed a Motion to Dismiss and a Motion to File Excess Pages. Dockets 26, 27. That motion did not include any reference to BT Mtg's supposed ownership of this litigation, even though Defendants subsequently claimed that was the case. Docket 26. Plaintiff filed a Motion for an Extension of Time until November 26, 2025 to oppose

---

[1] For consistency, excepting where citing a document, Plaintiff refers to the entity as Coinmint, although its name was changed to Energy & Compute.

1

the motion to dismiss. Docket 28. On November 25, 2025, apparently concerned that the issues raised in their Motion to Dismiss would lead inevitably to Mintvest addressing the nullity of the Texas judgment, Defendants and DB Mtg, LLC, an entity purporting to be the transferee of Mintvest's claims, filed a stipulation of dismissal in this action and in 25-1019 (FAB) without any legal authority to do so. The nullity of the Texas judgment means that the Florida judgment, which relied on the Texas judgment for its validity, is void as well.

Plaintiff has just filed a notice setting forth why this dismissal had no effect.[2] In this motion, Mintvest presents the arguments about the nullity of the Texas judgment that it intended to present in its Opposition to the Motion to Dismiss. Acting on the presumption that the Texas judgment was valid, which it is not, Defendants invoked the *Rooker Feldman* doctrine, which prohibits federal courts from reviewing state judgments. Thanks to that argument, Plaintiff realized that the First Circuit recognizes an exception to the *Rooker Feldman* doctrine in instances where the case involves matters of constitutional magnitude which the Court must consider in addition to the state court judgment. *Sinapi v. Rhode Island Bd. of Bar Examiners,* 910 F.3d 544, 550 (1st Cir. 2018) (*Rooker Feldman* issue can be bypassed where a straight forward substantive matter so permits.)

Here, the Full Faith and Credit Clause requires deference to the Delaware decision and the Due Process clause nullifies the Texas judgment. The coup de grace is the internal affairs doctrine, which the Supreme Court has held must prevail. Only the state where a company is registered has jurisdiction over that company's internal affairs. Only Delaware had jurisdiction over the events that occurred before Coinmint's move to Puerto Rico. Only Puerto Rico has jurisdiction over Coinmint's internal affairs now. Texas does not have jurisdiction over

---

[2] Plaintiff recognizes, of course, that this Court has denied that notice. Nonetheless, Plaintiff incorporates the arguments from the notice to this Motion since they support the arguments set forth herein.

Coinmint's internal affairs. Texas never had jurisdiction, and the judgment where that jurisdiction was invoked is null ab initio.

## II.    RELEVANT ACTIVITY PRIOR TO THE FILING IN PUERTO RICO

### A.    Procedural History

On August 12, 2021, the Delaware Chancery Court determined that Mintvest owns 18.2% of Coinmint, LLC. Exhibit 1, *In re Coinmint,* 261 A.3d 867 (2021). *The very next day*, Coinmint, LLC and the Coinmint Trust filed suit against Mintvest Capital, Ltd.  in Texas state court. Ashton Soniat, the principal of Coinmint, LLC is not a party in the Texas lawsuit. Prieur Leary, the principal of Minvest Capital, is not a party in the Texas lawsuit.[3]

The Delaware case had begun in 2019. Coinmint sought to dismiss that case, arguing that it had filed its case first in Texas. Exhibit 2, April 16, 2020 Oral Argument on Coinmint's Motion to Dismiss *In re Coinmint, LLC* 2019-0983(MTZ) at 7. Mintvest answered that the Texas Complaint was a mere placeholder. *Id.* at 26-27. Counsel continued to argue their positions, with the Court at one point noting that controversies regarding the LLC's internal affairs could only be litigated in Delaware. *Id.* at 21. The Court denied Coinmint's Motion to Dismiss the Delaware action, *Id.* at 56. That case led to the August 12, 2021 judgment.

In the meantime, Coinmint lay in wait, suing the day after the Chancery Court confirmed Mintvest's interest in Coinmint. The incomplete Texas Complaint Defendants filed with their Motion to Dismiss[4] mentions the Delaware judgment to support its claim that Mintvest violated a confidentiality clause by contacting a potential buyer for the company. Coinmint alleged that that conduct triggered the clause of the company's operating agreement requiring a capital call under those circumstances. Docket 26-1 at 4.

---

[3] The absences of the principals is relevant because the Florida domestication states falsely that both were parties in the Texas case.
[4] The copy Defendants filed omits the exhibits and is marked on every page as Unofficial Copy of Marilyn Burgess, District Clerk. Docket 26-1.

A capital call inevitably affects the internal affairs of a company. *See Hollis v. Hill,* 232 F3d 460, 464-65 (5th Cir. 2000)(In Texas diversity case, the Fifth Circuit found that "Texas, like most states, follows the 'internal affairs doctrine.' That is, the internal affairs of the foreign corporation, 'including, but not limited to the rights, powers, and duties of its board of directors and shareholders and matters relating to those shares' are governed by the laws of the jurisdiction of the corporation" because of the internal affairs doctrine.) In *Hollis,* the Fifth Circuit held that the capital call directed at Hollis was part of Hills' oppression of Hollis and affirmed the District Court's remedy of a court ordered buyout of Hollis. *Id.* at 471-72.

Coinmint carefully omitted the Delaware judgment's invocation of the internal affairs doctrine, also determinative in Texas, in its complaint. If Coinmint had cited the internal affairs doctrine invoked in Delaware, it would have had to cite the Chancery Court's decision that only Puerto Rico had jurisdiction over the internal affairs of Coinmint after Coinmint became a Puerto Rico, LLC. *In re Coinmint* at 907. [And, of course, that the Texas court owed that decision Full Faith and Credit.]

If Coinmint had mentioned the Delaware judgment as the Constitution requires, it would have had to reveal that the Complaint it filed in Texas was a compulsory counterclaim in Delaware. Instead of complying with the Constitution as to the Full Faith and Credit clause and the internal affairs doctrine, Coinmint chose to proceed to obtain a default judgment without providing notice to Mintvest in violation of the Due Process clause.

After Mintvest filed this federal action in early 2025, Defendants responded by manufacturing a sham sheriff's sale in Florida in September 2025, purportedly transferring claims for over $100 million for $10. This $10 sale occurred *after* this Court obtained jurisdiction over Mintvest's claims. Now, the purported transferee from this fraudulent $10 sale has filed stipulations of dismissal in this Court without ever obtaining leave to participate in this litigation.

4

These actions violate the Constitution and obligate this Court to vacate its judgment herein.

### B.    The Prevailing Delaware Decision

The Delaware Chancery Court not only pegged Mintvest's interest in Coinmint at 18.2%, that Court also held that further investment by Coinmint would be as loans, not dilutions. "To preserve that percentage, the financial member agreed that its future cash infusions would be categorized as nondilutive loans." *In re Coinmint* at 875; "Soniat agreed that he would only fund the Company with loans going forward, so as to avoid Mintvest's further dilution." *Id.* at 881; "as promised, Soniat funded the Company's ongoing operations via loans so that Mintvest would not be further diluted," *id* at 885; "<u>CLT therefore agreed to categorize all future cash infusions as loans in order to preserve Mintvest's equity</u>, and relied on Mintvest's agreement to the 81.8%-18.2% equity split in advancing tens of millions of dollars to Coinmint in the form of loans " *Id.* at 895 [emphasis added]; "[a]nd [Leary] negotiated for Mintvest's 18.2% interest and repeatedly confirmed his satisfaction with it. Based on those assurances, Soniat proceeded with the understanding that Mintvest's equity would be pegged and his future contributions would be categorized as loans." *Id.* at 899.

The Chancery Court did note that "Soniat's commitment to fund Coinmint only through nondilutive loans faltered once Mintvest filed this litigation, **in violation of the status quo order entered in this action**,[5] available at D.I. 67 [hereinafter "SQO"]. <u>In the end, Soniat maintained that all contributions after October 2017 were loans.</u> *See* D.I. 141; D.I. 146; D.I. 147; D.I. 148. *Id.* at note 79. Thus, time and time and time again the Chancery Court held that Mintvest's dilution to 18.2% was quid por quo for Coinmint agreeing that future cash infusions would be loans, not capital.

---

[5] Violating the Delaware order while the Delaware was still proceeding was a precursor to Coinmint's direct assault on the Delaware judgment in Texas in a brazen assault on the Full Faith and Credit clause and the internal affairs doctrine.

### III.    ARGUMENT

#### A.    The Texas Judgment Violates the Full Faith and Credit Clause

The Full Faith and Credit Clause, U.S. Const. art. IV, § 1, requires states to give full faith and credit to the judicial proceedings of every other state. Delaware's Court of Chancery determined on August 12, 2021, that Mintvest owns 18.2% of Coinmint. Texas was constitutionally required to give that judgment full faith and credit. Instead, Coinmint filed suit in Texas the very next day—August 13, 2021—seeking to relitigate the same ownership issues. Any Texas judgment purporting to extinguish Mintvest's Delaware-adjudicated ownership interest violates the Full Faith and Credit Clause and is void.

Defendants agree. To quote Defendants' Motion to Dismiss, "Under the Full Faith and Credit Statute, this Court must give the Texas judgment the same preclusive effect it would receive in Texas. 28 U.S.C. § 1738; *Pisnoy v. Ahmed (In re Sonus Networks, Inc.)*, 499 F.3d 47, 56 (1st Cir. 2007)." Docket 26 at 11. Except the Delaware judgment *preceded* the Texas judgment. Defendants are correct that the Full Faith and Credit Statute governs this dispute. The hole in Defendants' argument is that Delaware ruled first. It was the Texas court that needed to defer to Delaware, not this Court to Texas.

Deferring to Delaware means accepting that Mintvest owns 18.2% of Coinmint. Deferring to Delaware means accepting that Coinmint waived its counterclaim as to the breach of confidentiality triggering a capital call. As the Fifth Circuit held in *Hollis,* decisions as to the appropriateness of a capital call invoke the internal affairs doctrine, which again means that Texas should have deferred to Delaware. *Id.* at 464-65. To do otherwise would breach the Full Faith and Credit clause of the U.S. Constitution.

#### B.    Coinmint Never Served Mintvest, Violating the Due Process Clause

Even if Texas had subject matter jurisdiction (it didn't), the judgment is void for lack of personal service. *See Pennoyer v. Neff*, 95 U.S. 714, 728 (1878) ("[W]here the entire

proceeding, without service upon him or his appearance, is void"); *Waters v. Day & Zimmerman NPS, Inc.,* 23 4th 84, 96 (1st Cir. 2022)("serving a summons in accordance with state or federal law is necessary to establish jurisdiction over a party in the first instance…")

Mintvest is a Delaware corporation. Mintvest does not transact business in Texas. Since Mintvest does not transact business in Texas, it had no obligation to register with the Texas Secretary of State. Texas Business Organizations Code, Chapter 9, Subchapter A.  Mintvest is just a holding company for Mr. Leary's interest in Coinmint. Mintvest as an entity never transacted any business in Texas. As a result, service of process on the Texas Secretary of State, if it occurred was void.

Mintvest never received service. Under *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84-87 (1988), which interprets the Texas rules of service of process, the Supreme Court held that "where a person has been deprived of property in a manner contrary to the most basic tenets of due process, 'it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits.'" *Id., citing Coe v. Armour Fertilizer Works,* 237 U.S. 413, 424 (1915). The Court concluded that the slate must be wiped clean because of the lack of due process. *Id. citing Armstrong v. Manzo,* 380 U.S. 545,  552 (1965). The Court continued: "The Due Process Clause requires no less in this case." *Id.* at 87. Mintvest stands in the shoes of Peralta. This Court must wipe Mintvest's slate clean.

### C.  The Internal Affairs Doctrine Voids the Texas Judgment.

As if discarding the Constitution's Full Faith and Credit clause and its corresponding statute and the Due Process Clause were not enough, maintaining the judgment in this case requires this Court to reject the internal affairs doctrine, upon which the Delaware Court based its authority to determine the respective rights of Mintvest and Coinmint in the company. Accepting the Texas judgment would breach of the Internal Affairs Doctrine,

which requires matters related to a company's internal affairs in the state where the company is registered and has constitutional implications.[6]

The Internal Affairs Doctrine is a longstanding choice-of-law principle recognizing that "the law of the jurisdiction where the business is organized governs the relationship among a business, its owners, and its officers." *See* Restatement (Second) of Conflict of Laws § 302 (1971); *see also Edgar v. Mite Corp.,* 457 U.S. 624, 645 (1982). The Supreme Court has described the internal affairs doctrine as being of constitutional hierarchy because it evinces a respect for "Our Federalism." *See Kamen v. Kemper Financial Services,* 500 U.S. 90, 106 (1991) (Discussing the interplay between state law requisites for corporate governance and federal ones and deferring to the states.)

At all relevant times, Coinmint was organized under Delaware law; it has since converted to a Puerto Rico LLC. Texas has never had jurisdiction over Coinmint's internal affairs because Coinmint has never been organized under Texas law.  Since Texas had no authority to adjudicate the internal affairs of a Puerto Rico LLC, its judgment purporting to do so is void under the Internal Affairs Doctrine and exceeds the proper scope of Texas jurisdiction.

In its decision after trial, the Delaware Chancery Court made determinations as to each party's percentage of ownership in Coinmint because the Court concluded that:

> I conclude that [Section 18-111 of the Delaware Corporate Law] grants this Court jurisdiction to construe the Company's Operating Agreement that governed while it was domiciled in Delaware. In view of Section 18-216(g), I see no basis in the Act[7] to conclude that conversion divested this Court of that jurisdiction. Section 18111 confers subject matter jurisdiction over Count I, as it requires this Court to adjudicate the Operating Agreement's construction and the parties' performance under it before the Company converted.

---

[6] Both Texas and Delaware so hold, Texas by statute, and Delaware by case law.
[7] Title 8, Chapter 1 of the Delaware Code.

The Delaware Chancery Court also held that it had no jurisdiction over Counts II and III of Mintvest's Complaint because those counts addressed Coinmint's establishment in Puerto Rico and the ousting of Mr. Leary from the management of Coinmint that occurred here. *In re Coinmint* at 908. The Chancery Court held that consistent with the following determination:

> It has long been settled doctrine that a court—state or federal—sitting in one State will as a general rule, decline to interfere with, or control by injunction or otherwise the management of the internal affairs of a corporation organized under the laws of another state but will leave controversies as to such matters to the courts of the state of the domicile[;]

*Id.* at 909. Therefore, the Delaware Court reasoned, only the courts of Puerto Rico could make determinations about Counts II and III, just as only the Delaware Chancery Court had jurisdiction over Count I of the Mintvest Capital Complaint. *Id.* The Delaware court held that "the authority to regulate a corporation's internal affairs should not rest with multiple jurisdictions." *Id., citing Vantage Point Venture P'rs v. Examin,* 871 A.2d 1008, 1112-13 (Del. 2005).

Since January 25, 2018, Coinmint has been a Puerto Rico entity, meaning, pursuant to the Delaware judgment, which this Court must give full faith and credit, 28 U.S.C. §1738, that Puerto Rico now has exclusive jurisdiction over Coinmint's internal affairs. Thus, Texas does not have and never has had jurisdiction over Coinmint's internal affairs because Coinmint has never been a Texas corporation. *Cf.* Tex. Bus. Orgs. Code §§ 1.105 (Texas' codification of the internal affairs doctrine.) The Texas court did not have jurisdiction over the Coinmint dispute because in accord with the internal affairs doctrine the Delaware court had already ruled that Mintvest had an 18.2% interest in the company.

### D. The Texas Claims Were Waived Compulsory Counterclaims

There is not a word that the claim Coinmint filed in Texas was a compulsory counterclaim in Delaware so that according to the law in Delaware, Texas, and Puerto Rico

Coinmint's failure to raise that claim in Delaware means that Coinmint was "barred forever" from raising it. *Mott v. State,* 49 A.3d 1186, 1189 (Supreme Court of Delaware 2012).

Delaware Court of Chancery Rule 13(a), which (like Federal Rule 13(a)) requires a party to assert any counterclaim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Del. Ch. Ct. R. 13(a). Coinmint's Texas claims arose directly from the same membership dispute litigated in Delaware. By failing to assert them in Delaware, Coinmint waived them.

Texas Rule of Civil Procedure 97(a) also follows the federal model. The "Texas compulsory counterclaim rule is based on Rule 13 of the Federal Rules of Civil Procedure." *In re JB Hunt Transport, Inc.,* 492 SW 3d 287, note 9 (Tex. Supreme Court 2016), *citing Ingersoll-Rand v. Valero Energy Corp.,* 997 SW 3d 203, 208 (Tex. 1999). As does the Puerto Rico compulsory counterclaim rule *See R-G Fin. Corp.* v. *Vergara-Nunez*, 381 F. Supp. 2d 1, 4 (D.P.R. 2005) and that of Delaware, the Texas rule precludes a party from raising a claim related to prior litigation that it could have raised in that litigation. *Id.* Therefore, by failing to raise the claim in Delaware that it subsequently raised in Texas, Coinmint pretended to raise a claim that had been "barred forever." *Mott* at 1189.

On August **12**, 2021, the Delaware Chancery Court ruled that Coinmint had diluted Mintvest to a 18.2% ownership interest in Coinmint, LLC. On August **13***, 2021, Coinmint filed an action against Mintvest alleging that Mintvest's breach of confidentiality triggered a capital call according to the terms of Coinmint's Operating Agreement, a compulsory counterclaim in Delaware. In Delaware, Coinmint failed to file a compulsory counterclaim required by Delaware Civil Rule 13(a). The Delaware Court ruled that Mintvest had breached the confidentiality clause, which, according to the Coinmint Trust in the Texas Complaint,

required a capital call.[8] By failing to raise the supposed consequence of a capital call for the "breach," Coinmint waived that cause of action and is now "barred forever" from raising it. *Mott* at 1189.

So, Defendants complained in their Motion to Dismiss that Plaintiff is mounting a collateral attack on a Texas judgment even though Coinmint attacked a prior Delaware court judgment that prohibited Coinmint from taking the action it did in Texas – the day after the Delaware Chancery Court entered judgment. Coinmint had the obligation to raise its contention that Mintvest's breach of confidentiality triggered the capital call clause of the Operating Agreement via a compulsory counterclaim.

The controversy was raised in Delaware. Coinmint, LLC even prevailed on the question of the breach of confidentiality, but in a case where Mintvest was present and defended by counsel, Coinmint, also represented by counsel, failed to raise the claim that that breach entitled Coinmint to a capital call, and then proceeded file a separate lawsuit in Texas raising the claim it failed to raise in Delaware.

Defendants argued in their Motion to Dismiss that Mintvest has no standing to file this suit because Coinmint filed a lawsuit in Texas, wherein Coinmint, a limited liability company registered in Puerto Rico presumed to litigate the ownership interests in the company in violation of the internal affairs doctrine. Coinmint filed its Texas lawsuit the day after the Delaware Chancery Court, perhaps the most respected business litigation forum in the world, ruled that Mintvest owned 18.2% of the equity in Coinmint.

The same Coinmint that argued that Mintvest should be diluted to 18.2% and had breached the company's confidentiality obligations, now argued that the latter breach allowed Coinmint to violate the Delaware order and dilute Mintvest further through a capital call.

---

[8] Mintvest notes that this "breach" consisted of finding a buyer for Coinmint at approximately the same amount NYDIG eventually paid.

[The Delaware Chancery Court ruled both that Mintvest had violated the confidentiality clause and that further cash infusions from Coinmint must be loans, not dilutions. *In re Coinmint, LLC,* 261 A.3d 867, 887, 888 (Del. Chancery Ct. 2021) ]

Coinmint had its chance to litigate its declaratory judgment claim in Delaware. Coinmint litigated and won on the defenses it raised. Coinmint failed to raise its claim that the confidentiality breached engendered a capital call and thereby waived that claim.

That is not "sharp practice." This is a breach of the compulsory counterclaim rule in Delaware, Texas, and Puerto Rico. If the Texas judgment is void because Coinmint failed to raise the compulsory counterclaim in Delaware. A Texas court cannot give effect to claims that were waived as compulsory counterclaims in Delaware. The judgment based on such waived claims is void.

### E.  Conclusion as the Nullity of the Texas Judgment

The Texas Court violated the Full Faith and Credit Clause of the Constitution by failing to defer to the Delaware judgment. The Coinmint Trust never served Mintvest with the complaint in the Texas case, voiding the results of that litigation. Since Coinmint has *never* been registered in Texas, the internal affairs document precludes that court from issuing *any* judgment as to the rights of Coinmint's members. Coinmint's claim in Texas that the violation of the confidentiality clause afforded it the opportunity to make a capital call was forever barred thanks to the trust's failure to present that counterclaim in Delaware.

Any of these tenets would void the Texas judgment. Here there are four.

## IV.  SINCE THE FLORIDA JUDGMENT JUST DOMESTICATES THE VOID TEXAS JUDGMENT, IT IS ALSO VOID.

Defendants hang their hat in Texas. They hang their hat on a judgment obtained without jurisdiction. Despite Defendants' statement that Plaintiff's "fundamental premise

[that Mintvest owns 18.2% of Energy & Compute] is directly refuted by what <u>multiple</u> state courts have determined finally through a judgment and appeal," Docket 26 at 3, not even Texas *directly* refuted the Delaware judgment. Texas only ruled on Coinmint's one-sided presentation. And Texas only did so in a case over which the Texas court had no jurisdiction.

Nor do Defendants provide evidence of how they obtained jurisdiction over Mintvest in Florida. Mintvest is a Delaware LLC. *See* Exhibit 3, record from the Delaware Department of State. The promissory note filed with the Texas Court has Ashton Soniat for Coinmint, LLC executing the note with Ashton Soniat for Conmint Trust lists Mintvest's address as 5970 Indian River Drive, Miami, Florida. Notably the purported Payee to the Promissory Note, Mintvest, does not sign it. *See* Exhibit 4, the promissory note.

On August 13, 2021, the Texas Courts did not have jurisdiction over the controversy of a capital call emitted pursuant to the Operating Agreement Coinmint, a limited liability company registered in Puerto Rico. Since Coinmint was never registered in Texas, Texas never acquired jurisdiction.

But it gets worse. Who did Coinmint sue? Mintvest Capital Limited. Where is Mintvest registered? Delaware. What address does Mintvest have in Florida? None. Against what entities did Coinmint seek to domesticate the judgment? Mintvest *and* Prieur Leary, *see* Exhibit 3, an affidavit filed in Florida. Mr. Leary is *not* a Defendant in the Texas case because Mr. Leary is *not* a party to the Coinmint Operating Agreement. The affidavit contains false information.

That is, Coinmint does not have and never had a judgment against Prieur Leary, even though Roniel Rodriguez, IV, PA swore in an affidavit that Mr. Leary was a Defendant in the Texas case. *See* Exhibit 3, Rodriguez Affidavit. Mr. Rodriguez also swore to the lie that Ashoton [sic] Soniat was a Plaintiff in the Texas case, which is untrue, as is the further lie that Mintvest's address is in Miami Beach. *Id.*

In the end, nothing is correct about the Florida acquisition. Texas never had jurisdiction over the case Coinmint filed there. Mintvest is not domiciled in Florida. Mr. Leary was not a Defendant in the Texas case, where the Court never had jurisdiction because Mintvest has never been registered in Texas. Taking a void judgment to a jurisdiction where the Defendant is not domiciled makes as much sense as thinking multiplying zero by zero and believing that the result is anything other than zero.

## V.    CONCLUSION

The dismissal of this case should be vacated because the notice lacked the necessary signature of Mintvest Capital, Ltd. The dismissal of this case should be vacated because DB Mtg, LLC never moved either to intervene or to substitute Mintvest.

The Florida judgment sale is meritless because it is based on a false affidavit regarding a void judgment. The Texas judgment violated the Full Faith and Credit clause by refusing to honor the Delaware judgment. The Texas judgment violated the Due Process clause by failing to notify Mintvest. The Texas judgment violated the internal affairs doctrine by adjudicating a case determining the internal affairs of an entity that was never registered in Texas. And Coinmint violated the compulsory counterclaim obligation by filing a claim in Texas that it was obligated to litigate in Delaware. Texas never had subject matter jurisdiction over the dispute. Its judgment is void.

Rather than base a dismissal on a void judgment supposedly domesticated in a jurisdiction based on a false affidavit, this Court should prioritize the constitutional issues raised by the Full Faith and Credit clause and the internal affairs doctrine as our Federalism requires. This Court should vacate the judgment

**WHEREFORE,** Mintvest Capital, Ltd very respectfully moves this Honorable Court to vacate the judgment it has entered in this case.

14

In San Juan, Puerto Rico this 11th day of December 2025.

**I HEREBY CERTIFY** that I have filed this Motion with the Court's ecf system, which system

will notify all counsel of record.

Respectfully submitted,


/s/JaneBeckerWhitaker
Attorney for Plaintiff
Mintvest Capital, Ltd.
PO Box 9023914
San Juan, PR 00902
787.585.3824
jbw@beckervissepo.com
janebeckerwhitaker@gmail.com