# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

MINTVEST CAPITAL, LTD.,
Plaintiff,

v.                                    Case No. 3:25-cv-01019-FAB

NYDIG TRUST COMPANY, et al.,          Related Case: 3:25-cv-01346-PAD

Defendants.

## MOTION TO CONSOLIDATE RELATED CASES
## PURSUANT TO RULE 42(a)

**TO THE HONORABLE COURT**:

**COMES NOW** Plaintiff Mintvest Capital, Ltd. ("Mintvest"), through undersigned counsel, and very respectfully moves this Court pursuant to Rule 42(a) of the Federal Rules of Civil Procedure to consolidate the above-captioned action with the related action styled *Mintvest Capital, Ltd. v. Energy & Compute LLC, et al.*, Case No. 3:25-cv-01346-PAD, currently pending before Judge Pedro A. Delgado Hernández. In support thereof, Plaintiff states as follows:

## I. INTRODUCTION

This Motion requests for consolidation of two cases arising from common operative facts—Mintvest's 18.2% ownership interest in Energy & Compute, LLC (formerly Coinmint, LLC) and Defendants' fraudulent scheme to deprive Mintvest of that interest. The two cases now have very similar pending motions that present the same legal issues:

    • Motions for Partial Summary Judgment on the Internal Affairs Doctrine;

    • Motions to Vacate Unauthorized Stipulations of Dismissal filed by a non-party; and

Critically, **consolidation provides an elegant and complete resolution to the jurisdictional concerns** identified in the Magistrate Judge's Report and Recommendation in

1

this case. Case No. 3:25-cv-01346 presents **clear, undisputed federal question jurisdiction** under 28 U.S.C. § 1331, based on securities fraud claims under Section 10(b) of the Securities Exchange Act (15 U.S.C. § 78j(b)) and RICO violations under 18 U.S.C. § 1962. By consolidating these cases, any jurisdictional concerns in Case No. 25-1019 become moot, judicial resources are preserved, and the entire controversy may proceed under clear federal jurisdiction.

## II. PROCEDURAL BACKGROUND

**A.      Case No. 3:25-cv-01019 (This Action)**

1. On January 9, 2025, Mintvest filed this action against NYDIG Trust Company, NYDIG Mining LLC, and Stone Ridge Holdings Group, LP, asserting claims arising from Defendants' failure to compensate Mintvest for its 18.2% ownership interest in Energy & Compute LLC following Defendants' acquisition of the company.

2. Mintvest filed a Motion for Partial Summary Judgment on the Internal Affairs Doctrine, which would establish Puerto Rico's exclusive jurisdiction over all matters concerning Energy & Compute LLC's internal governance and membership interests. The Motion for Partial Summary Judgment would validate the Delaware judgment and entitle Mintvest to its 18.2% ownership interest in Coinmint.  That Motion remains pending.

3. A Magistrate Judge issued a Report and Recommendation ("R&R") regarding jurisdictional issues under diversity jurisdiction. That R&R has been pending for an extended period, during which this Court has permitted discovery to continue— indicating the Court's view that the litigation remains active and viable.

4.  Defendants have filed a Motion to Dismiss based on the lack of diversity in part on collateral proceedings in Texas and Florida that Mintvest contends are void and constitute fraud upon the court.

**B.**    **Case No. 3:25-cv-01346 (Related Action)**

5.  Mintvest filed Case No. 3:25-cv-01346 against Energy & Compute LLC, NYDIG Trust Company, NYDIG Mining LLC, Stone Ridge Holdings Group, LP, New York Digital Investment Group, LLC, New York Life Insurance and Annuity Corporation, Ashton Soniat, Moses Merger Sub, LLC, and John Does 1-10 after the Magistrate Judge recommended the dismissal of this case without prejudice.

6.  Case No. 3:25-cv-01346 asserts **federal question jurisdiction** under 28 U.S.C. § 1331 based on: (a) Securities Fraud under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, 15 U.S.C. § 78j(b); and (b) RICO violations under 18 U.S.C. § 1962. The case also includes derivative claims on behalf of Energy & Compute LLC. **This federal question jurisdiction is not subject to the diversity citizenship issues identified in the R&R.**

7.  Mintvest has filed a Motion for Partial Summary Judgment on the Internal Affairs Doctrine in that case as well—presenting the same legal issue pending before this Court.

8.  Defendants have filed a Motion to Dismiss in that case, raising some similar arguments as to the Securities Fraud claim.

**C.**    **The Unauthorized Stipulations and the Motions to Set Aside the Judgments**

9.  On November 25, 2025, an entity styled "DB Mtg, LLC" filed purported stipulations of dismissal in **both** pending actions. This entity has **never filed a motion for substitution** under Federal Rule of Civil Procedure 25(c), has **never been made a**

3

**party** to either action, and claims to have acquired Mintvest's claims through a fraudulent $10 sheriff's sale of claims worth over $100 million.

10. **Mintvest has filed Motions to Vacate the Unauthorized Stipulations**, demonstrating that the stipulations are legal nullities. Under *City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*, 82 F.4th 1031, 1034 (11th Cir. 2023), stipulations of dismissal require signatures of "all parties who have appeared"—"and all means all." *Id.* (citing *Anderson-Tully Co. v. Fed. Ins. Co.*, 347 F. App'x 171 (6th Cir. 2009)). Under *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 649 (1st Cir. 1972), "[a] void judgment is one which, from its inception, was a complete nullity and without legal effect." Filings by non-parties who have never obtained substitution under Rule 25(c) are precisely such nullities.

11. Two judges are now being asked to resolve identical Motions to Vacate on identical procedural issues. This is the paradigmatic waste that Rule 42(a) is designed to prevent.

## III. CONSOLIDATION PROVIDES A COMPLETE SOLUTION TO THE JURISDICTIONAL CONCERNS IN THE REPORT AND RECOMMENDATION

The Magistrate Judge's Report and Recommendation identified  concerns regarding diversity jurisdiction in this case. Consolidation with Case No. 3:25-cv-01346 provides an elegant, complete, and legally sound resolution to those concerns.

### A.    Case No. 25-1346 Has Clear Federal Question Jurisdiction

Case No. 3:25-cv-01346 invokes federal question jurisdiction under 28 U.S.C. § 1331 based on substantial federal claims: securities fraud under Section 10(b) and Rule 10b-5 (15 U.S.C. § 78j(b)) and civil RICO (18 U.S.C. § 1962). Federal question jurisdiction is **not subject to the citizenship analysis** that underlies the Magistrate Judge's concerns about diversity. The

existence of a federal question is determined solely by whether the complaint raises claims "arising under" federal law—which Case No. 25-1346 unquestionably does.

**B.    Consolidation Does Not Merge Cases—It Preserves Independent Jurisdictional Bases**

The Supreme Court has made clear that "consolidated cases retain their separate identities." *Hall v. Hall*, 584 U.S. 59, 66 (2018). Consolidation under Rule 42(a) "enabl[es] more efficient case management while preserving the distinct identities of the cases." *Id.* at 67. This means that after consolidation:

• Case No. 25-1346 retains its independent federal question jurisdiction;

• Case No. 25-1019 retains its separate identity;

• The entire controversy may proceed in federal court under the clear federal question jurisdiction of Case No. 25-1346;

• Any diversity jurisdiction concerns become moot as a practical matter.

**C.    Supplemental Jurisdiction Supports Resolution of All Claims**

Even if this Court were to view any claims as outside the federal question foundation, 28 U.S.C. § 1367 provides supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) (establishing the "common nucleus of operative fact" test). Here, **all claims in both cases arise from the same nucleus of operative fact**: Mintvest's 18.2% ownership of Energy & Compute LLC, the NYDIG acquisition, and Defendants' failure to compensate Mintvest for that ownership interest. The simultaneous filing of the Notices of Dismissal demonstrates that even Defendants recognize the cases involve identical controversies. In both cases, Defendants pretend to sweep the Delaware judgment under the rug via a Texas judgment without jurisdiction domesticated in Florida via a false affidavit.

5

### D.    Consolidation Is Not an End-Run Around Jurisdictional Rules

Defendants may argue that consolidation is an improper attempt to circumvent jurisdictional limits. This argument fails for three reasons:

**First**, consolidation is a *different procedural mechanism* from amendment. The First Circuit's concerns in *ConnectU* about post-filing amendments to cure jurisdictional defects do not apply to consolidation, which joins separately-filed cases that each have their own jurisdictional foundation.

**Second**, Case No. 25-1346 had *independent* federal question jurisdiction from the moment it was filed. Mintvest is not attempting to "cure" a defect—the second case was properly filed with proper jurisdiction.

**Third**, as *Hall v. Hall* confirms, consolidated cases retain their separate identities. Consolidation does not retroactively create jurisdiction in Case No. 25-1019; it simply allows related cases to proceed together efficiently while respecting their independent jurisdictional foundations albeit with a synergy that permits this Court to oversee both cases.

## IV. JUDICIAL ECONOMY COMPELS CONSOLIDATION

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The purpose is to "avoid unnecessary cost or delay." *Id.* at 42(a)(3). "The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." *Norton Lilly Int'l v. P.R. Ports Auth.,* 18-1012(GAG) 2019 U.S. Dist. LEXIS 240524 at *2 (MY16, 2019) (Citations omitted).

### A.    Common Questions of Law and Fact

**Common Questions of Fact:** Both cases arise from: Mintvest's 18.2% ownership of Energy & Compute LLC; the NYDIG acquisition transaction; Defendants' failure to recognize

or compensate Mintvest's interest; the fraudulent collateral proceedings in Texas and Florida; and the ongoing diversion of Bitcoin mining profits.

**Common Questions of Law:** Both cases present: (a) the application of the internal affairs doctrine to Energy & Compute LLC; (b) the validity of the Delaware Chancery Court's determination of Mintvest's ownership; (c) federal securities fraud under Section 10(b) and Rule 10b-5; (d) the effect of the void Texas default judgment; and (e) the validity of the Florida sheriff's sale proceedings. This case alleges a tort based on NYDIG's payment to the wrong entity; and 25-1346 alleges RICO violations. The overwhelming majority of controversies are the same.

**B.      Duplicative Proceedings Currently Pending**

The following very similar or nearly identical motions are currently pending in both cases, before two different judges:

**1. Motions for Partial Summary Judgment on Internal Affairs Doctrine:**  motions presenting the same legal issue—whether Puerto Rico law governs Energy & Compute LLC's internal affairs as a Puerto Rico-organized LLC.

**3.  Motions  to  Vacate  Unauthorized  Stipulations:**  Nearly  identical  motions challenging  the  same  unauthorized  filings  by  the  same  non-party  (DB Mtg, LLC),  raising identical Rule 25(c) and Rule 41 arguments as well as issues as to the validity of the Texas judgment, given its breaches of law, both constitutional and procedural.

**4. Discovery:** Both cases will involve the same documentary and testimonial evidence. Consolidation would prevent duplicative depositions, document productions, and discovery disputes.

Without  consolidation,  two  Article  III  judges  will  independently  analyze  nearly identical  legal  issues,  review  overlapping  briefing,  and  potentially  reach  conflicting

conclusions on matters as fundamental as whether Puerto Rico law governs this Puerto Rico LLC and whether the unauthorized stipulations are void.

## V. NO PREJUDICE TO DEFENDANTS

Defendants cannot credibly claim prejudice from consolidation, instead they will benefit from judicial economy. They must defend against these claims regardless of whether the cases proceed separately or together. Indeed, consolidation benefits all parties by: eliminating duplicative briefing; ensuring consistent discovery rulings; preventing the risk of inconsistent judgments; reducing litigation costs; and promoting efficient resolution of claims arising from a single controversy.

As the Supreme Court noted in *Hall v. Hall*, consolidated cases "retain their separate identities." 584 U.S. at 66. Consolidation does not merge the cases into one—it simply permits joint proceedings on common issues.

## VI. CONCLUSION

The current situation—two federal judges simultaneously considering identical motions on identical issues arising from identical facts—is precisely what Rule 42(a) was designed to prevent. Consolidation will resolve the jurisdictional concerns in the pending Report and Recommendation by allowing the entire controversy to proceed under the clear federal question jurisdiction of Case No. 25-1346; eliminate duplicative proceedings on the internal affairs doctrine; permit a single resolution of the identical Motions to Vacate the unauthorized stipulations; streamline discovery and pretrial proceedings; and conserve judicial resources in this District.

**WHEREFORE**, Plaintiff Mintvest Capital, Ltd. respectfully requests that this Court order that Case No. 3:25-cv-01019 and Case No. 3:25-cv-01346 be consolidated for all purposes, including discovery, pretrial proceedings, and trial, under Case No. 3:25-cv-01019; direct the Clerk to notify Judge Delgado Hernández of this consolidation; deem the pending

8

Report and Recommendation moot in light of this consolidation; set a status conference to establish a unified scheduling order; and grant such other and further relief as this court deems just and proper.

**RESPECTFULLY SUBMITTED** this 11th day of December, 2025.

**I HEREBY CERTIFY** that I have filed this Motion with the Court's ecf system, which system will notify all counsel of record.

/s/Jane Becker Whitaker
USDC205110
PO Box 9023914
San Juan, PR 00902-3914
787.585.3824
jbw@beckervissepo.com
janebeckerwhitaker@gmail.com