**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

MINTVEST CAPITAL, LTD.,
      *Plaintiff,*                        **Case No. 3:25-cv-01346 (PAD)**

v.

ENERGY & COMPUTE, LLC, et al.,
      *Defendants.*

**DRAFT REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION**

**TO THE HONORABLE COURT:**

**COMES NOW** Mintvest Capital, Ltd., through undersigned counsel, and very respectfully states

and prays:

## I.     INTRODUCTION

In their Opposition to Mintvest's Motion for Reconsideration, DB Mortgage,

LLC and Defendants violate this Court's order at Docket 63. The order provides:

"Defendants and DB Mtg, LLC <u>shall</u> include a discussion with reference to relevant, on-

point legal authorities and case law arising out of analogous situations, addressing the

representations made in the motion at Docket 62." *Id.* (Emphasis added.) Docket 62 cites

to the District Court's Memorandum and Order in 25-1019 at Docket 172, in particular to

page 6 of that decision. In relevant part, page 6 of Docket 172 states: "Because the Court

does not have subject matter jurisdiction, it need not address Mintvest's notice that the

stipulation of dismissal is void, and Mintvest's motion to vacate judgment. The Court

merely notes that DBM is not a party in the case and cannot stipulate a dismissal. <u>See</u> Fed.

R. Civ. P. 41(a) ('[T]he plaintiff may dismiss the case without a court order by filing . .

. a stipulation of dismissal signed by <u>all parties</u> who have appeared.')

Opposing counsel did not even mention their purported Rule 41 Notice of Dismissal

in their Opposition to Plaintiff's Motion for Reconsideration. Because they did not mention how they could obtain a dismissal without all parties who had appeared in the case signing the notice, they cite no relevant legal authorities and case law on the question. Opposing counsel simply ignored the Court's order.

The only discussion DB Mortgage and Defendants include in their opposition that remotely addresses the Court's order at Docket 63 is their discussion of the need to file a Motion for Substitution pursuant to Rule 25, which Judge Besosa considers at page 7 of his Memorandum and Order. That discussion is tagged on at the end of the Opposition, and the case law it cites is not to analogous situations, but rather to cases that undermine their position that no motion to substitute was necessary.

Because the Opposition to the Motion for Reconsideration fails to comply with this Court's order to explain how the Notice of Dismissal DB Mortgage and Defendants filed without the signature of Mintvest complies with Federal Rule of Civil Procedure 41, even though Rule 41 requires that all parties sign such a notice, this Court should grant the reconsideration. Because the only lip service opposing counsel pays to the Order at Docket 63 consists of citations that contradict their position that no motion to substitute was necessary, this Court should grant the Motion for Reconsideration.

## II.     A NOTICE OF DISMISSAL WITHOUT THE SIGNATURE OF ALL PARTIES IS VOID.

As Judge Besosa noted, Federal Rule of Civil Procedure 41(a)(1)(A)(ii) permits voluntary dismissal only by "a stipulation of dismissal signed by *all parties who have appeared*." Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added). "And all means all." *City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*, 2023 WL 5944193, at *3 (11th Cir. Sept. 13, 2023). In *Jacksonville*

*Hospitality*, the court held that stipulations of dismissal that fail to comply with Rule 41's signature requirements are "ineffective, and the claims they purported to dismiss remain pending before the district court." *Id.*

*Anderson-Tully Co. v. Federal Insurance Co.*, 347 F. App'x 171 (6th Cir. 2009), holds that "a Rule 41(a)(1)(A)(ii) stipulation also requires the signature of a party that appeared but has already been removed from an action." In the absence of other authority, the Court of Appeals reasoned, "we find the plain meaning of 'all parties who have appeared' to include all entities who have appeared in the action as parties. We note that this liberal construction of the Rule inflicts no significant prejudice on a plaintiff seeking to voluntarily dismiss an action. If, for whatever reason, the plaintiff cannot obtain the signatures of all those who have appeared in the action as parties, that plaintiff needs only to move for and obtain a court order formally dismissing the case, as is provided for in Rule 41(a)(2)." *Id.*

The *Anderson* decision applies traditional statutory interpretation rules, that is "the plain words themselves. *Marek v. Chesny,* 473 U.S. 1, 16 (1985) — here: 'all parties who have appeared.'" The *Anderson* Court explained, that "[i]n Rule 19(b), for example, the drafters used the phrase "existing parties" to describe those parties currently in the action, and in Rule 25(a)(2), the drafters used the phrase 'remaining parties.' If 'parties' were a term of art that *always* meant 'parties currently in the action,' these qualifiers — "existing" and "remaining" — would not be necessary." Here, the situation is even more extreme because DB Mtg, LLC never sought to substitute Mintvest, so Mintvest was still a party in the action, and, therefore, Mintvest's signature was still needed. Finally, Judge Besosa's dismissed 25-1019 without prejudice, thus, without any preclusive effect on the merits. Judge Besosa noted specifically that

the state law claims in 25-1019 differ from those in this case. Granting reconsideration here would align with – not contradict – the ruling in 25-1019.

## III.    WHERE DB MORTGAGE AND DEFENDANTS CITE TO CASE LAW, THAT PRECEDENT DEFEATS THEIR ARGUMENTS.

DB Mortgage and Defendants cite to *Bermudez v. Berrios,* No. 15-1034 (CVR), 2018 U.S. Dist. LEXIS 17840, at *10 (D.P.R. Feb. 1, 2018) (quoting *Mississippi Pub. Corp. v. Murphree*, 326 U.S. 438, 66 S. Ct. 242, 90 L. Ed. 185 (1946)) ("Fed. R. Civ. P. 25(a)(1) is procedural. It merely provides for 'the manner and the means by which a right to recover…is enforced by a court having venue, as well as power to decide the issues in the action, which is jurisdiction of the subject matter.'"). But the full quotation in the *Murphree* case is as follows: The fact that the application of **Rule 4(f)** [not Rule 25(a)(1)] will operate to subject petitioner's rights to adjudication by the district court for northern Mississippi will undoubtedly affect those rights. But it does not operate to abridge, enlarge or modify the rules of decision by which that court will adjudicate its rights. It relates merely to "the manner and the means by which a right to recover . . . is enforced." *Id.* at 446, *citing Guaranty Trust Co.* v. *York,* 326 U.S. 99, 109 (1945).

Defendants also fail to present the context of the *Bermudez* case. There, the *Defendants* who were substituted into the case were the heirs to the original Defendant, and the Court applied the substantive law of Puerto Rico that governed their entry into that case. *Bermudez* at 11. Here, DB Mortgage, LLC presumes to be a Plaintiff in this case without this Court making a determination as to the basis for that status. Indeed, DB Mortgage identified itself as an "intervening plaintiff" on the ecf system without complying with any of the requisites for that role either.

But it is not just that the *Bermudez* case cites a case from the Supreme Court that was interpreting Rule 4, not Rule 25, and it is not just that the substituted parties in *Bermudez* were Defendants, not Plaintiffs. In *Bermudez,* the Plaintiff moved to substitute the heirs for the decedent, and those Defendants *consented* to service. *Bermudez* is not on point. In *Bermudez,* there was a motion for substitution.15-1034, Docket 57. Here, there was no motion for substitution, and *Bermudez* does not support substitution without a motion.

If counsel for DB Mortgage and the Defendants had read *FDIC v. SLE, Inc.,* 722 F.3d 264 (5th Cir. 2013), which they also seem to believe supports their argument, they would have found that one of the reasons that the Fifth Circuit rejected the need for a motion to substitute was that the circumstances surrounding that substitution did *not involve a Rule 41 motion. Id.* at 269. Here, the only reason DB Mortgage ever appeared before this Court was to dismiss the case pursuant to Rule 41. Thus, *FDIC v. SLE* is, to put it mildly, unhelpful to DB Mortgage and Defendants herein.

The case that *FDIC v. SLE* cites in its discussion as to whether substitution was necessary under the circumstances of that case [where the substituting party filed an affidavit in support of its argument] is *United States v. Transocean Air Lines, Inc.*, 356 F.2d 702, 704-05 (5th Cir. 1966), the case to which the Hon. Judge Besosa cites in his discussion of the procedural circumstances of this case in his order dismissing the 25-1019 litigation without prejudice: "The Court merely notes that DBM is not a party in the case and cannot stipulate a dismissal. See Fed. R. Civ. P. 41(a) ("[T]he plaintiff may dismiss the case without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared.") (emphasis added); United States v. Transocean Air Lines, Inc., 356 F.2d 702, 704-05 (5th Cir. 1966) (stating that a trustee who fails to file a motion pursuant to Rule 25(c) and become a party in the case cannot stipulate a dismissal under Rule 41(a) "even though there had been an effort

to secure a dismissal by stipulation.").

In *Transocean,* the District Court struck the dismissal. The Court of Appeals upheld that decision. The analysis in *Transocean* is as follows: "The Government insists that it was error for the district court to strike the Trustee's dismissal. The adjudication in bankruptcy of Transocean did not, of itself, substitute the Trustee in bankruptcy in the litigation pending in Florida. There should have been a motion and an order. Since the Trustee did not seek to be substituted for Transocean, it did not become a party. Rule 25(c) Fed.Rules Civ.Proc., 28 U.S.C.A.; *Liberty Broadcasting System v. Albertson*, 15 F.R.D. 121 (W.D.N.Y. 1953)." *Id.* at 704. (Emphasis added.)

## IV. DBM'S CONDUCT CONFIRMS IT IS NOT AN INDEPENDENT CLAIMS PURCHASER

In the beginning of the Opposition, DB Mortgage refers to itself as "Trustee," which begs the question of Trustee of what and under what law. "Perhaps the most fundamental duty of a trustee is that he must display throughout the administration of the trust complete loyalty to the interests of the beneficiary and must exclude all selfish interest and all consideration of the interest of third parties." *Pegram v. Herdrich,* 530 U.S. 211, 224 (2000) (citations omitted.) Mintvest is surely not the beneficiary because DBM is not at all concerned about Mintvest's best interests.

Are then, the Defendant the beneficiaries of the trust? The Defendants would benefit fully in this case if they get away with this gambit. They will not be held accountable for their fraud in denying Mintvest its 18.2% interest in Coinmint, as the Delaware Chancery Court held. Ashton Soniat and Coinmint will be allowed to swindle investors out of the production of bitcoin for the periods when Mr. Soniat lied about that production resulting in tens of

millions of dollars in fraudulent gains with no reckoning. The NYDIG parties will be freed from responding to the claims of securities fraud in this case. Yes, surely Defendants benefit from DBM's flouting of the Federal Rules of Civil Procedure.

DB Mortgage also states that it is "the owner of the claims" in this case, but it pretends to deny Mintvest the opportunity to challenge such ownership. When its attorneys filed their notice of appearance for DB Mortgage, they did so as appearing for an "intervening plaintiff," but they failed to file a motion for intervention or an intervention complaint.  *See* Exhibit 1, Screenshot of the options for parties in this case.

DBM has never been substituted under Rule 25(c) or intervened under Rule 24, yet it files papers as a "Respondent." A genuine purchaser of claims worth millions against these Defendants would prosecute those claims, not catch them and kill them.

## V.    CONCLUSION

DB Mortgage and Defendants violated this Court's order at Docket 63 because complying with the order would have required them to concede that their Notice of Dismissal pursuant to Rule 41 was void and that DB Mortgage had no business appearing in this case without this Court's leave.

**WHEREFORE,** Plaintiff Mintvest Capital, Ltd. respectfully requests that this Court grant its Motion for Reconsideration, vacate the judgment, void Respondents' stipulation, restore this case to the active docket, and set a date for Mintvest to oppose Defendants' Motion to Dismiss.

Respectfully submitted,


MINTVEST CAPITAL, LTD.

By: /s/JaneBeckerWhitaker___

Jane Becker Whitaker
USDPR Bar Num. 205110
Counsel for Plaintiff
PO Box 9023914, San Juan, PR
787.585.3824
` janebeckerwhitaker@gmail.com
jbw@beckervissepo.com

Dated: March 10, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Jane Becker Whitaker